## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| KIRK ROBERTS,<br>FARAJI ARTURO COUNCIL,<br>TERRENCE COLVIN-WILLIAMS,<br>REGINALD BRADLEY, DAVID COLEMAN,<br>and CARL McROBERTS JR., on behalf of<br>themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSAM TRUCKING, INC.,<br>OLATHE NOBLE EQUIPMENT<br>LEASING, INC., and<br>JACOBSON HOLDINGS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>2:21-cv-02073-JWB-GEB |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File their Third Amended Complaint to add claims based on recently discovered evidence, and their accompanying Memorandum in Support (ECF No. 101). After careful consideration of Plaintiffs' Motion and Memorandum, Defendants' Memorandum in Opposition to Plaintiffs' Motion (ECF No. 104), and Plaintiffs' Reply (ECF No. 107), the Court GRANTS Plaintiffs' Motion for Leave to File their Third Amended Complaint for the reasons set forth below.

I.    **Background**[1]

On February 10, 2021, Plaintiffs originally brought their claims against Defendant TransAm Trucking, Inc. for violations of the Fair Labor Standards Act, ("FLSA") and the Kansas Consumer Protection Act, ("KCPA".)  Plaintiffs also sought class or collective action certification pursuant to Fed. R. Civ. P. 23.  On March 24, 2021, Plaintiffs filed an Amended Complaint, adding Olathe Noble Equipment Leasing, Inc., ("ONE Leasing") as a Defendant, alleging the Defendants violated the Kansas Wage Payment Act, ("KWPA") adding new claims under the FLSA and under the Florida Constitution.  On January 7, 2022, a Second Amended Complaint was filed, which added a third Defendant, Jacobson Holdings, Inc., with new factual allegations, a modified definition of the proposed class under the KCPA claims, and changed the name of the lead Plaintiff.

Prior to the Second Amended Complaint being filed, the Court entered a Phase I Scheduling Order that controlled discovery, focusing on liability and class and collective action certification issues.[2] The original Phase I Scheduling Order included a March 31, 2022, discovery deadline.[3]   Before Phase I discovery closed, the Plaintiffs sought to amend the scheduling order, which the Court granted.[4]  The new schedule included a June 30, 2022, deadline for Phase I discovery.[5] After substantial discovery was conducted, the

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1), Amended Complaint (ECF No. 17.), and Second Amended Complaint, (ECF No. 71.) This background information should not be construed as judicial findings or factual determinations.
[2] ECF No. 38.
[3] *Id.*
[4] ECF Nos. 62 and 64.
[5] ECF No. 64.

parties again sought to amend the scheduling order.[6] The Court conferenced with the parties regarding Phase I discovery issues and again granted an extension, setting a new discovery deadline of September 30, 2022.[7] A motion for leave to join parties or otherwise amend the pleadings is to be filed within five months after the Court's ruling on Plaintiffs' motion for class and/or collective action certification.[8] That deadline was set at the initial scheduling conference and has not been modified.[9] The current deadline to file motions for class/collection action certification is September 30, 2022.[10]

Plaintiffs now seek to file a Third Amended Complaint.[11] The Third Amended Complaint will add claims under 49 U.S.C. § 14102, alleging violations of federal Truth-in-Leasing ("TIL") regulations authorized by the statute, factual allegations in support of those claims, facts to support class certification for the TIL claims, and requests relief for violation of TIL regulations. Plaintiffs do not seek to add any new parties.

## II.     Plaintiffs' Motion for Leave to File Third Amended Complaint (ECF No. 101).

### A. Plaintiffs' Proposed Amendments.

Plaintiffs' Motion for Leave to File their Third Amended Complaint ("Motion") seeks to add claims under the TIL regulations. In support of their Motion, Plaintiffs attach a proposed Third Amended Complaint[12] A summary of the new allegations is helpful to the determination of Plaintiffs' Motion.

---

[6] ECF No. 92.
[7] ECF No. 93.
[8] ECF No. 38.
[9] *Id.*
[10] ECF No. 93.
[11] ECF No. 101.
[12] The proposed Third Amended Complaint can be found at ECF No. 101-1.

Plaintiffs add language wholly alleging violations of the TIL regulations, the allegation Defendant TransAm Trucking, Inc. is a motor carrier and authorized carrier under the TIL statutes, the three Defendants are affiliated entities, and a request for relief under the TIL regulations. Plaintiffs' Proposed Third Amended Complaint also includes 69 new factual allegations to support the alleged TIL violations and ten paragraphs of facts to support the proposed TIL class action claim.

To summarize the new factual allegations, there are several categories of information which include, 1) details about the equipment lease agreements ("ELAs") between the parties; 2) improper use and retention of escrow funds; 3) facts regarding the charges for and payment of insurance; 4) the disclosure of information by Defendants; and 5) other improper charges to and/or deductions from Plaintiffs' earnings.

## III. Discussion.

### A. Plaintiffs' Position.

Plaintiffs contend their Motion should be granted pursuant to Fed. Rule Civ. P. 15 because there is no undue delay and no undue prejudice to Defendants.

### B. Defendants' Position.

Defendants argue Plaintiffs' Motion should be denied for two reasons: 1) Plaintiffs have unduly delayed bringing their Motion; and 2) Defendants will suffer undue prejudice if the amendments are allowed. Defendants subtly mention futility, but recognize the proposed amendments are not futile in the analysis for amending the complaint.

**C.    Amendment Under Rule 15(a)(2).**

    **i.    Legal Standard.**

The standard for permitting a party to amend a complaint is well established.  A party may amend a pleading as a matter of course under Rule 15(a)(1), either before the responding party answers or within 21 days after service of a responsive pleading.[13] However, in cases such as this, where the time to amend as a matter of course has passed, and the opposing party does not consent, a party may amend its pleading only by leave of court under Rule 15(a)(2).[14]

Rule 15(a)(2) provides leave shall be freely given when "justice so requires," and the decision to allow an amendment is within the sound discretion of the court.[15]  The Court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment.[16] In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities."[17]   The Tenth Circuit Court of Appeals acknowledged that Rule 15 is intended "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural

---

[13] Federal Rule of Civil Procedure 15(a)(1).

[14] *Id.*

[15] *Id.* and *See J. Vangel Elec., Inc. v. Sugar Creek Packing Co.*, No. 11–2112–EFM, 2012 WL 5995283, at *2 (D. Kan. Nov. 30, 2012) (citing *Panis v. Mission Hills Bank*, 60 F.3d 1486, 1494 (10th Cir. 1995)).

[16] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Monge v. St. Francis Health Ctr., Inc.*, No. 12–2269–EFM-JPO, 2013 WL 328957, at *2 (D. Kan. Jan. 10, 2013), *report and recommendation adopted*, 2013 WL 328986 (D. Kan. Jan. 29, 2013).

[17] *Hinkle v. Mid-Continent Cas. Co.*, No. 11–2652–JTM-KMH, 2012 WL 2581000, at *1 (D. Kan. July 3, 2012) (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209 (D. Kan. 1989)).

niceties,'"[18] especially in the absence of bad faith by an offending party or prejudice to a non-moving party.[19]   With these standards and factors in mind, the Court evaluates Plaintiffs' request to amend their Second Amended Complaint.

### ii.   Plaintiffs have not unduly delayed bring their motion.

Defendants argue Plaintiffs' Motion is untimely due to Plaintiffs having the information needed to bring their new claims since July 2021, (nine months prior to Plaintiffs filing their Motion for leave to Amend) as part of over 90,000 pages of documents produced in discovery.[20] First, the Court wants to acknowledge the amount of time it would take to comb through over 90,000 pages of discovery to find the information relative to the new claims Plaintiffs seek to include.  Second, Plaintiffs allege the information leading to the new claims was not contained in the 90,000 pages of discovery, but was discovered through recent depositions and documents obtained through third-party subpoenas, all of which took place after the Second Amended Complaint was filed on January 7, 2022.[21] There is some disagreement regarding when and how the information underlying the new claims was discovered, but that timing, whether nine months prior to Plaintiffs' Motion or a few months prior to Plaintiffs' Motion, does not form the ultimate basis for the Court's decision.

---

[18] *Carefusion 213, LLC v. Professional Disposables, Inc.,* No. 09–2616–KHV–DJW, 2010 WL 4004874, at *4 (citations omitted).
[19] *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM-GEB, 2016 WL 6163832, at *4 (D. Kan. Oct. 24, 2016) (collecting cases; internal citations omitted).
[20] ECF at 104.
[21] ECF Nos. 71 and 101.

The cases cited by Defendants to support their claim regarding the untimely nature of Plaintiffs' Motion is misplaced.[22] Those cases involve motions for leave to amend made after summary judgment, partial summary judgment, or after the court's deadline to amend passed. Purposefully, and after conferencing with the parties, the deadline to add parties or amend the pleadings in this case will not pass until five months after the Court's ruling on Plaintiffs' motion for class and/or collective action certification.[23]   Plaintiffs filed their motion for leave to amend well before the Court's deadline. That said, the Court is growing increasingly concerned with Plaintiffs' propensity to seek multiple amendments to its Complaint, including the pending amendment 15 months after this case was initially filed.

Defendants further cite the Court's ruling in *Schwab v. Ingals*[24] to support their argument the Plaintiffs were untimely in filing their Motion. The facts underlying the court's decision in *Schwab* can be differentiated from the timing of Plaintiffs' Motion in this case.[25]   In *Schwab*, the court granted motions to dismiss for twenty-four defendants and dismissed the federal claims against an additional five defendants.[26]  It was only after the court ruled on the motions to dismiss that the plaintiffs in *Schwab* filed their motion

---

[22] *Frank v. U.S. West, Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (affirming the trial court's denial of a motion to amend made more than 4 months after the deadline to amend passed.); *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (affirming the trial court's denial of a motion to amend when plaintiff failed to assert its punitive damages claim until approximately a year and a half after the complaint was filed, 9 months after partial summary judgment was entered and only a few months before the case was scheduled for trial.); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 800 (10th Cir. 1998) (affirming the trial court's denial of a motion to amend made after the court granted summary judgment.)
[23] ECF No. 38.
[24] No. 18-2488-DDC-GEB, 2020 WL 2037049 at *5-6 (D. Kan. April 28, 2020).
[25] *Id.* at 2.
[26] *Id.*

seeking leave to amend the complaint.[27] Further, the plaintiffs attempted to explain the delay by indicating they had simply not spoken to their children, (the alleged injured parties) about certain details of the case until shortly before filing their motion.[28] There were also defects in plaintiff's complaint the defendants identified in their motions to dismiss, which the plaintiffs did not rectify prior to the court granting the motions to dismiss.[29] The procedural posture in the *Schwab* case bears no similarities to this case. Additionally, because the claims relate to recently discovered facts, the Plaintiffs articulate well-founded reasons the claims were not brought earlier.

### iii. Defendants will not suffer undue prejudice if the amendments are allowed.

The second, and most important, factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party. "Rule 15 ... was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result."[30] Courts normally only find prejudice when the amendment unfairly affects the defendants, "in terms of preparing their defense to the amendment."[31]

Defendants argue amendment of Plaintiffs' Second Amended Complaint will cause undue prejudice. While they acknowledge that their argument, the mere re-taking of depositions, is not a typical basis for undue prejudice, the specific circumstance they

---

[27] *Id.*

[28] *Id.* at 5.

[29] *Id.* at 6.

[30] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *United States v. Hougham*, 364 U.S. 310, 316, (1960).

[31] *Id.* (quoting *Patton v. Guyer,* 443 F.2d 79, 86 (10th Cir. 1971.).

experienced when initially taking depositions should be considered.[32] Those circumstances include witnesses failing to appear on time, witnesses leaving prior to the conclusion of the deposition, last minute cancellations, several Plaintiffs getting to their deposition late, and problems with the audio/visual equipment.[33] However, while quite frankly, appearing chaotic, Defendants do not identify for the Court which witnesses caused these problems, whether the witnesses who caused the problems would need to be re-deposed as a result of the amendments, or even an allegation that these problems would recur. Further, it is not such a rare occurrence for witnesses to appear late to a deposition or counsel to have audio-visual equipment problems that either of those two issues gives rise to undue prejudice.

In this case, the discovery deadline is not until September 30, 2022.[34] No new parties are being added by the proposed amendment, the claims arise out of the facts and parties identified in the Second Amended Complaint, and, Defendants, by their own admission, are in possession of the documents which they claim give rise to at least a portion of the new TIL claims.  The ability to prepare a defense in this case is not unfairly affected by an amendment to Plaintiffs' Second Amended Complaint. And, there is time to engage in any additional discovery deemed necessary to prepare a defense.

---

[32] ECF No. 104.
[33] *Id.*
[34] ECF No. 93.

### iv.   Futility and Bad Faith

Defendants acknowledge, as a whole, Plaintiffs' amended claims are not futile. Further, they do not challenge Plaintiffs' proposed amendment on bad faith grounds. Nevertheless, the Court briefly considers each topic.

Defendants briefly argue the TIL regulations do not apply to ONE Leasing's ELAs, making those specific claims futile. Conversely, Plaintiffs argue Defendants TransAm Trucking, Inc., ONE Leasing, Inc. and Jacobson Holdings, Inc. are so affiliated it makes the ELAs in question subject to the TIL regulations. Plaintiffs also argue the ELAs are subject to the TIL regulations as a result of the Defendant TransAm Trucking, Inc. incorporating the terms of the ELAs into its owner/operator agreements.

As the party opposing the Plaintiffs' Motion, Defendants have the burden to establish futility.[35] "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."[36] When analyzing this standard, the Court "must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party."[37] If the Court views the factual allegations in the light most favorable to the Plaintiffs, the Defendants could be so affiliated to impute the ELAs from one company to another, or, in the alternative, the owner/operator agreement of Defendant TransAm Trucking, Inc., incorporates the terms of the ELAs, which could suggest exposure to the

---

[35] *Otte v. UMB Bank, N.A.*, No. 19-2351-CM-GEB 2019 WL 6828652 at *6 (D. Kan. December 13, 2019) (citing *Neonatal Prod. Grp., Inc. v. Shields*, 13-2601-DDC-KGS, 2015 WL 1957782, at *2.).

[36] *Id.* (citing *Famers Bank & Trust, N.S. v. Witthuhn,* No. 11-2011-JAR, 2011 WL 5920941, at *2 (D.Kan. Nov. 28, 2011).

[37] *Id.* (citing *Carefusion 213, LLC v. Professional Disposables, Inc.*, No. 09–2616–KHV–DJW, 2010 WL 4004874, at *5.).

TIL regulations. Based upon these arguments, while not ruling on the ultimate issue of the applicability of the TIL regulations to the ELAs, the Defendants have not met their burden to establish futility under Fed. R. Civ. P. 15.

The parties' briefing is void of any mention of bad faith, and the Court sees none demonstrated in the parties' submissions.  Therefore, neither futility nor bad faith apply here.

### D.    Conclusion

For the reasons stated above, the Court concludes Plaintiffs shall be allowed to file their Third Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(2).

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File Third Amended Complaint and Memorandum in Support (**ECF No. 101**) is **GRANTED** as set forth above.  Plaintiffs shall file their Third Amended Complaint within seven days of this Order or no later than June 14, 2022.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 7th day of June 2022.


 s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge