IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIRK ROBERTS, FARAJI ARTURO COUNCIL,
TERRENCE COLVIN-WILLIAMS, REGINALD BRADLEY,
DAVID COLEMAN and CARL McROBERTS, JR.,
On behalf of themselves and all others similarly situated,

        Plaintiffs,

v.                                    Case No.  21-2073-JWB

TRANSAM TRUCKING, INC., et al.,

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's unopposed motion to file documents under seal. (Doc. 145.) The motion is DENIED for the reasons stated herein.

Plaintiffs are long-haul truck drivers asserting several claims against Defendant TransAm Trucking, Inc. ("TransAm"), its parent company Jacobson Holdings, Inc. ("Jacobson"), and its sibling company Olathe Noble Equipment Leasing, Inc. ("ONE Leasing") (collectively, "Defendants"). Plaintiffs bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, and state law claims for failing to pay wages and minimum wages, and for making unlawful deductions. They also include claims that Defendants violated Truth-in-Leasing regulations and the Kansas Consumer Protection Act ("KCPA"). (Doc. 109 at 51-53.)

Plaintiffs have moved for conditional certification pursuant to 29 U.S.C. § 216(b) and class certification pursuant to Federal Rule of Civil Procedure 23. (Docs. 141, 143.) Plaintiffs have filed numerous exhibits in support of their motions. (Doc. 144.) Plaintiffs move to file nine of those exhibits, approximately 120 pages, under seal. (Doc. 145.)

1

The standards governing sealing court records was summarized by Judge Lungstrum in *New Jersey and its Div. of Inv. v. Sprint Corp.*, No. 03-2071-JWL, 2010 WL 5416837, *1 (D. Kan. Dec. 17, 2010):

> Courts, including the Tenth Circuit, have long recognized a common-law right of access to judicial records. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citations omitted). The right of access to judicial records is not absolute and the presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption. *Id.*

In support of their motion to seal, Plaintiffs argue that the exhibits identified in its motion should be sealed because they have been maintained in a confidential manner, should be protected from disclosure, and the use "could potentially cause harm to the interests of Defendants." (Doc. 145 at 2.) Plaintiffs further state that the parties' protective order "contemplates that documents that constitute proprietary business records including trade secrets or highly confidential information relating to Defendants' business practices should be filed under seal." (*Id.*) Plaintiffs, however, do not explain whether these exhibits constitute trade secrets or how Defendants will be harmed by the filing of these exhibits on the public docket. After review, the exhibits appear to include policies related to driver pay incentives and exhibits related to truck lease agreements. It is not readily apparent from the exhibits that Defendants would be harmed if these exhibits were filed on the public docket.

"The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption" of access to judicial records. *Mann*, 477 F.3d at 1149 (internal quotation marks and citation omitted). Specifically, the party "must come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at *5 (D.

Kan. 2007). Besides generally stating that these exhibits contain confidential information, Plaintiffs have not articulated and presented facts to sustain their burden of showing significant, non-speculative harm as to overcome the presumption as to these exhibits. A generalized argument is not sufficient to meet their burden. *Id.*

These exhibits appear to be relevant to the central issues in this case and Plaintiffs have failed to identify how Defendants' interests in keeping these documents confidential outweighs the public's right to access. *See Bullard v. Goodyear Tire & Rubber Co*., No. 09-4024-SAC, 2011 WL 5248085, at *2 (D. Kan. Apr. 12, 2011).

Therefore, Plaintiffs' motion (Doc. 145) is DENIED. Plaintiffs are to file the exhibits on the public docket.

IT IS SO ORDERED. Dated this 17th day of November 2022.

__ s/ John Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE