IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIRK ROBERTS, FARAJI ARTURO COUNCIL,
TERRENCE COLVIN-WILLIAMS, REGINALD BRADLEY,
DAVID COLEMAN and CARL MCROBERTS, JR., on behalf
of themselves and all others similarly situated,

                Plaintiffs,

v.                                      Case No.  21-2073-JWB

TRANSAM TRUCKING, INC., OLATHE NOBLE
EQUIPMENT LEASING, INC., and JACOBSON HOLDINGS, INC.,

                Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiffs' motion to certify questions to the Kansas Supreme Court. (Doc. 206.) The motion is fully briefed and ripe for decision. (Docs. 210, 211.) The motion is DENIED for the reasons stated herein.

**I.  Facts and Procedural History**

Plaintiffs are former truck drivers who were employed as company drivers or contracted lease drivers for Defendant TransAm, a motor carrier. Defendant Olathe Noble Equipment Leasing, Inc., ("ONE") leased trucks to the lease drivers. Defendant Jacobson Holdings, Inc., ("JHI") is a holding company and TransAm and ONE are wholly owned subsidiaries of JHI. Plaintiffs filed this class action complaint against Defendants alleging various claims under both federal and state laws. At issue here is Plaintiffs' claim asserted under the Kansas Consumer Protection Act ("KCPA"), K.S.A. § 50-626 and § 50-627. Plaintiffs alleged that Defendants TransAm and JHI violated the KCPA by engaging in unconscionable and deceptive practices in connection with their recruitment of drivers. (Doc. 109 at 16–23.) Both parties moved for

1

summary judgment on several claims. On September 29, 2023, this court entered an order on the motions. (Doc. 203.) In that ruling, the court granted Defendants' summary judgment on Plaintiffs' claim under the KCPA after determining that that Plaintiffs were not consumers under the KCPA and that the transactions at issue were not consumer transactions. (*Id.* at 15–21.)

Plaintiffs now move for the court to certify questions of state law to the Kansas Supreme Court on the basis that they are important issues of state law, undecided, and implicate state policy.

## II.  Analysis

The decision whether to certify a question of state law "rests in the sound discretion of the federal court." *Lehman Brothers v. Schein*, 416 U.S. 386, 391 (1974). Under Kansas law, the Kansas Supreme Court may answer certified questions that are "determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state." K.S.A. § 60-3201. In this circuit, courts will not certify every "arguably unsettled question of state law [that] comes across our desks." *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007). Rather, if there is a "reasonably clear and principled course" available to follow, the court will do so. *Id.* Certification is appropriate if the question: "(1) may be determinative of the case at hand and (2) is sufficiently novel that [the court] feel[s] uncomfortable attempting to decide it without further guidance." *Id.*

Plaintiffs seek to certify two questions to the Kansas Supreme Court relating to whether the contractual relationship between the lease drivers and Defendants can be properly characterized as a consumer transaction and Plaintiffs can be characterized as consumers under the KCPA. (Doc. 206 at 1.) Plaintiffs contend that these issues are undecided by Kansas courts and

they are important. Plaintiffs, however, did not move for certification during summary judgment briefing.

The court declines to certify these questions to the Kansas Supreme Court. In ruling on the motion for summary judgment, the court applied the terms of the KCPA to the uncontroverted facts on summary judgment in determining whether the parties engaged in a consumer transaction. Although there was not controlling authority involving similar transactions, the court was not "uncomfortable" in its ruling; rather, the court is firmly convinced that its decision is sound based on the KCPA and the uncontroverted facts in this case.

### IV.   Conclusion

Plaintiffs' motion to certify questions to the Kansas Supreme Court (Doc. 206) is DENIED.

IT IS SO ORDERED. Dated this 30th day of November, 2023.

        __s/ John W. Broomes_____
        JOHN W. BROOMES
        UNITED STATES DISTRICT JUDGE