UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KIRK ROBERTS, FARAJI ARTURO COUNCIL,
TERRENCE COLVIN-WILLIAMS,
REGINALD BRADLEY, DAVID COLEMAN, and
CARL McROBERTS, JR., on behalf of themselves
and all others similarly situated,

       Plaintiffs,

 v.             No. 21-02073-JWB-GEB

TRANSAM TRUCKING, INC.,
OLATHE NOBLE EQUIPMENT LEASING, INC.,
and JACOBSON HOLDINGS, INC.,

       Defendants.

**MEMORANDUM AND ORDER**

  Plaintiffs in this action[1] have filed an unopposed motion for final settlement approval (the "Motion") pursuant to Fed. R. Civ. P. 23 in which they request an order granting final approval of the Agreement and dismissal of the action with prejudice. In addition, Plaintiffs have filed a Petition for Attorneys' Fees and Costs (the "Petition"), in which they seek an award equal to one-third of the Gross Settlement Amount in fees (in the amount of $1,250,000), reimbursement for their costs (in the amount of $189,327), and service award payments totaling $57,500.

  The motion submitted by Plaintiffs included affidavits in support of a finding that the final settlement was fair, reasonable, and adequate. (Docs. 225, 226.) The court has considered that evidence in making the findings herein. One individual, Jermaine Watts, filed an objection to the

---

[1] Unless otherwise stated, capitalized terms used herein shall have the same meaning as those ascribed in the Stipulation of Settlement Agreement and Release (the "Agreement") entered between the Parties effective April 11, 2024.

1

settlement. (Doc. 226-4.) Although Mr. Watts indicated that he would appear in person at the fairness hearing, he did not appear. The court held a final fairness hearing on October 15, 2024. Both Plaintiffs and Defendants counsel appeared and agreed that the settlement should be approved and the sole objection should be overruled. Having reviewed the Motion, the exhibits in support of the motion, the Petition, and the Agreement, and after conducting the fairness and approval hearing, the Court hereby FINDS and ORDERS that:

1.  On May 23, 2024, the Court granted preliminary approval of the Agreement, authorized the Parties to issue Notice to the Collective Class Members and the Rule 23 Class Members (together, the "Class Members") concerning the proposed settlement, and set a final fairness and approval hearing for October 15, 2024.

2.  Following that order, the Parties retained the Administrator. The Administrator then distributed Notice by regular U.S. mail, e-mail, and text message to the Class Members. In addition, the Administrator established a settlement website containing the same information as the Notice and which permitted Class Members to submit Claim and Release Forms online. The process utilized by the Administrator is set forth in Exhibit 2 to Plaintiffs' motion. Ultimately, 7,656 of the 8,463 members received notice in some form by the Administrator. This amounts to approximately 91 percent of members receiving notice and approximately 43 percent of the eligible members have submitted claims.

3.  The Notice and the process for distributing Notice was fair, reasonable, and adequate, satisfies due process, and was the best notice practicable under the circumstances. *See, e.g., Tennille v. Western Union Co.*, 785 F.3d 422, 438 (10th Cir. 2015). Class Members had sufficient time and opportunity to submit a Claim and Release Form, an objection, or a request for an exclusion from the proposed settlement.

4.      Pursuant to 29 U.S.C. § 216(b), the FLSA Orientation Collective and the FLSA Lease Driver Collective are certified, for settlement purposes only, because the Members of those Collectives are similarly situated for the reasons set forth in this Court's memorandum and order dated September 29, 2023. (Doc. 203.)

5.      Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Rule 23 Class is certified, for settlement purposes only, because it is too numerous for practicable joinder, presents common issues of law and fact that predominant over individualized inquiries, is represented by adequate and typical representatives and counsel, and is the superior means of resolving this dispute.  In addition to the evidence presented to the court on the current motion, this decision is also based on the findings in this court's prior memorandum and order.  (Doc. 203.)

6.      Class Counsel and the Named Plaintiffs are appointed representatives of the FLSA Orientation Collective, the FLSA Lease Driver Collective, and the Rule 23 Class.

7.      The settlement set forth in the Agreement, including its provisions concerning the allocation and distribution of the Gross Settlement Amount, is fair, reasonable, and adequate and is hereby granted final approval pursuant to Federal Rule of Civil Procedure 23(e) because:

   a.    the Named Plaintiffs and Class Counsel have adequately represented the Class Members;

   b.    the Agreement was fairly and honestly negotiated at arm's length;

   c.    the relief provided to the Class Members is adequate, taking into account (i) questions of law and fact which may have placed the ultimate outcome of the Lawsuit in doubt; (ii) the value of an immediate recovery weighed against the possibility of future relief; (iii) the costs, risks, and delay of trial and appeal; (iv) the effectiveness of the proposed method of distributing relief, including processing claims; (v) the judgment of

the Parties and their counsel; and (vi) the terms of the proposed award for attorneys' fees and costs;

      d.    there are no agreements required to be disclosed under Rule 23(e)(3); and

      e.    the Agreement treats the Class Members equitably relative to each other.

Accordingly, the Agreement is approved pursuant to Fed. R. Civ. P. 23(e). The Parties are hereby directed to implement its terms.

8. The Petition is approved in the amounts requested ($1,250,000 in attorneys' fees and $189,327 in costs) for the reasons set forth in that Petition. Plaintiffs' request for service awards in the following amounts for the Named Plaintiffs and Opt-In Plaintiffs is approved: $15,000 to Kirk Roberts; $10,000 to Terrence Colvin-Williams; $5,000 each to Reginald Bradley, Faraji Arturo Council, David Coleman, and Carl McRoberts, Jr.; $2,000 each to Timothy Jarman, Dimetrius Jones, Roberto Texeira, Nasiir Truitt; and $500 each to Deshawnta Wright, Daryl Salmon, Dennis Hubbard, Darin Rucker, Brian Lester, Roy Brown, Shannon Powell, Walter Clark III, and Valerie Andrews.

9. The attorneys' fees and costs and service awards set forth in paragraph 8, *supra*, shall be paid out of the Gross Settlement Amount, consistent with the terms of the Agreement. Furthermore, the service awards shall be paid in addition to whatever sums the Named Plaintiffs and the Opt-In Plaintiffs are entitled to receive as Class Members.

10. The objection submitted by Jermaine Watts on August 18, 2024, a copy of which Plaintiffs filed with the Court as Exhibit 4 to the memorandum in support of the Motion, is overruled. Mr. Watts objected to his classification as a Tier Four Claimant on the basis that he was a top recruiter. The classifications for settlement purposes are to determine what settlement class a class member belongs to and does not indicate an individual's status while employed. Mr.

Watts also objected on the basis that his damages are higher and TransAm mistreated him as an employee.  Mr. Watts could have opted out of the settlement and may pursue other claims against TransAm that were not released by this settlement.  Mr. Watts has not presented a basis for the court to conclude that the settlement for all class members is not fair or reasonable.  Overall, this settlement results in a substantial payment to the class members as set forth in Plaintiffs' memorandum.

11. The following Class Members timely requested exclusion from the settlement, consistent with the procedures for exclusion set forth in the Agreement: Thomas Burgess and Lyndon Smith Reece. Neither shall be bound by the terms of the settlement or the Agreement, including any releases or waivers set forth therein, and each shall be excluded from their respective Class or Collective.

12. The Agreement and this Order are binding as to the Named Plaintiffs, Defendants, and their counsel, as well as to all Collective Class Members who "opted into" the settlement by timely submitting valid Claim Forms in order to receive payment from the Net Settlement Fund and all Rule 23 Class Members who did not timely submit a valid request for exclusion (i.e., who failed to "opt out").

13.  Without affecting the finality of this Order, the Court retains continuing jurisdiction over this Lawsuit for purposes of construing, implementing, enforcing, interpreting, administering, or resolving any disputes concerning the settlement and the Agreement. Class Counsel shall continue to oversee and manage all aspects of the settlement and the Agreement.

Plaintiffs' unopposed motion for final settlement approval (Doc. 225) and petition for attorneys' fees and costs (Doc. 227) are GRANTED.  This action is dismissed with prejudice.

SO ORDERED this 22nd day of October, 2024.

6

s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE